BLD-179                                                    **NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-3159
_____

THOMAS EDWARD FLICK,
                  Appellant

v.

TIMOTHY MILLER, CCPM/PCM;
HEATHER HALDEMAN, Major of the Guard for Unit Management;
RICHARD ELLERS, Correctional Health Care Administrator; MARK GARMAN,
Facility Manager/Superintendent

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-01811)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 13, 2021

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: May 27, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Thomas Flick, an inmate proceeding pro se and in forma pauperis, appeals from an order by the United States District Court for the Middle District of Pennsylvania dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the relevant facts and procedural history. Flick is a Pennsylvania state prisoner who was housed at State Correctional Institute Rockview ("SCI-Rockview"). In October 2019, Flick filed a complaint under 42 U.S.C. § 1983 alleging Eighth Amendment violations against defendants. Flick has gender dysphoria and alleged in his complaint that defendants denied him access to doctor-ordered treatment to address excessive body hair. Flick seeks damages and injunctive relief.

Flick supplemented his complaint with grievances he filed regarding the alleged denial of treatment. These grievances provide additional information concerning the nature of both the ordered treatment and the prison's response. The doctor ordered regular and frequent access to shaving razors. Flick alleges that defendants, as members of the "Gender Review Committee" at SCI-Rockview, did not follow the doctor's orders. As a result, Flick states that he experienced increasing anxiety, depression, and thoughts of self-harm.

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Flick failed to allege that defendants

were personally responsible, and that qualified immunity applied because defendants did not violate a clearly established right. Flick filed a brief in opposition to the motion. The District Court granted defendants' motion because Flick had not adequately alleged the defendants' personal responsibility. The court declined to provide Flick an opportunity to amend his complaint to cure that defect because Flick's allegations did not amount to an Eighth Amendment violation. Flick timely filed his notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Flick is proceeding pro se, we construe his complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III

We agree with the District Court's assessment that Flick's complaint was insufficient to state a civil rights action against defendants. As the District Court explained, Flick has not sufficiently alleged that the defendants were personally involved

3

in the decisions concerning the supply of razors or other hair-removal devices. See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff cannot rely solely on respondeat superior as a theory of liability).

Even if the named defendants were personally involved, his complaint would still fail because, again as explained by the District Court, his allegations do not amount to a violation of the Eighth Amendment. To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quotations omitted). Flick has alleged the latter, but not the former because a mere dispute about means of hair removal does not amount to "deliberate indifference."[1] See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("Mere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation.").

---

[1] For this reason the District Court did not err in declining to provide an opportunity to amend the complaint.

4

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.